UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER PARINO,

Plaintiff,

-against-

BRUCE PERLMUTTER, et al.,

Defendants.

**ORDER OF SERVICE**

26-CV-6245 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Debt Collection Practices Act. By order dated July 24, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not effect service until the Court reviewed the complaint and ordered that any summons issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

If the complaint is not served within 90 days from the date a summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Bruce Perlmutter, Evan A. Richman, Samuel Zachariah Corman, and Fleischner Potash LLP, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue a summons for each defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Evan A. Richman, Bruce Perlmutter, Samuel Zachariah Corman, and Fleischner Potash LLP, complete a USM-285 form with the address for each defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

Plaintiff may consent to accept service of documents in this action by email, instead of regular mail, by completing the form, Consent to Electronic Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

**SO ORDERED.**

Dated: July 28, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Bruce Perlmutter, Esq.
   P.O. Box 425
   Woodridge, New York 12789

   Bruce Perlmutter, Esq.
   51 Broadway
   Woodridge, NY 12789

2. Evan A. Richman, Esq.
   Fleischner Potash LLP
   1527 Franklin Ave., Suite 200
   Mineola, NY 11501

3. Samuel Zachariah Corman, Esq.
   Fleischner Potash LLP
   45 Broadway, 23rd Floor
   New York, NY 10006

4. Fleischner Potash LLP
   45 Broadway, 23rd Floor
   New York, NY 10006